You want to keep going? Sure. Okay. All right, we have the final case for the morning then. CPR Management v. Devon Park Bioventures, appellate numbers 20-2343 and 20-2344. Your Honors, Quincy Crawford from Kaplan and Drysdale on behalf of the Devon Park Entities, Devon Park Bioventures Limited Partnership and Devon Park Associates Limited Partnership. As you may be aware, we are splitting time for appellants in this case. Devon Park Bioventures will be speaking for nine minutes, of which I'd like to reserve two minutes time for rebuttal. Counsel for Deutsche Bank will then speak for six minutes. Okay, we'll hear you then. Thank you, and may it please the Court. After highlighting a few facts, I intend to kind of focus my argument first on the question of the interpleader issue, and then on the issue of the declaratory judgment. And if there's time afterwards, we'll address the question about failure to vacate the arbitration award. Your Honors, for five years, Devon Park has been caught in a dispute between CPR and Deutsche Bank. Both parties claimed a right to partnership distributions related to an interest in Devon Park. Subject to reserve amounts, Devon Park has no claim to the proceeds and only seeks to interplead these amounts. We understand that, but the District Court observed a procedural problem in the use of interpleader under Rule 22. And the question I have for you is, how do you get over that? Because this is an FAA proceeding before the District Court. The FAA says that you proceed through motions. Interpleader, with the word pleading in it, is a pleading, which differs from motions. What is your legal authority to say Rule 22 can be invoked in an FAA motion to confirm or vacate? Yes, Your Honor. We've cited quite a few number of cases where courts have entertained interpleader actions in connection with a motion to confirm an arbitration award. But were they within the context of the same case? Because that's very much what's happening here, and you're introducing a pleading that is not permitted by the terms of the statute. I would respectfully suggest they are in the context of the same case. I would give the Tarrant decision as a primary example of that. In that case, there was an initial case filed, a complaint was filed, and then the court basically said, we're going to basically hold this case off and say this case should go to arbitration. So we're just going to, the case is basically dismissed for arbitration, but we're going to hold it here only for purposes of confirmation of an arbitration award. Arbitration was granted, an award came, and in connection with the motion to confirm the arbitration award, the court also allowed an interpleader of the claim. And was it within the same case, or was it filed as a separate action? No, it was all in the process of the same case. Okay, go ahead. Always in the process of the same case. And I think if you look at the cases we've cited, there were several others also technically within the same case. Actually have to be part of the same case. Part isn't going to be enough. Right. It's just because they're doing it in connection with one another, right? They're resolving the interpleader as part of the motion to confirm the arbitration award in the same case. And how is that consistent with the goal of the FAA, which is we're not supposed to be filing counterclaims, we're supposed to have summary proceedings, we're supposed to be efficient. How is the permissiveness of that activity from those other cases you've identified consistent with that goal? It's consistent because, quite frankly, they're two entirely separate different issues. Yes, we have a presumption in favor of arbitration, but we also have a presumption and a rule in favor of interpleader as well. And to be able to say we're not here attacking the question of whether or not the arbitration award, we're not seeking to relitigate the arbitration award. What we're saying in a case like this is, okay, now that you have that arbitration award, now that arbitration award exists, we are also faced with a situation where other people are making the same claims to the same proceeds. But here, if we look at the pleading that was drafted, the allegations in it and the causes of action that were added to it, we're in part looking to attack the confirmation award, right, because that Deutsche Bank was trying to attack the assignment. In this particular case, the interpleader itself, right, is not attacking the arbitration award. The interpleader is simply saying, there is this claim to the award, there are other people who are making claims to the same award. There's a claim pending right now in state court in Delaware for the proceeds against us by Deutsche Bank. And, in fact, the arbitration award has been stayed pending the disposition of that case in Delaware. But, in fact, in that Delaware case, CPR has now been dismissed for lack of personal jurisdiction. SHI has been dismissed for lack of personal jurisdiction. The court has reserved the question of whether or not it has NREM jurisdiction over the proceeds. The claims by Deutsche Bank against our clients remain in that case and are moving forward. But I think Judge Fischer's point is that the arbitrator himself protected Devin Park from competing claims because it said, we're not going to make you write a check to anybody until the Delaware actions are resolved. Judge Fischer, was that – I don't want him to speak. Until the TRO is lifted. Now that there's no more jurisdiction over CPR, if the court in Delaware finds, for example, that it doesn't have NREM jurisdiction over the proceeds, then it's very likely that there's no more basis to maintain that TRO against CPR. So if the TRO is lifted, we'll be in a situation where we're faced with an arbitration award in the district court here  You can file a separate Rule 22 action in the district court that has jurisdiction over the parties and proceeds. The only possible court that could have jurisdiction would be the Eastern District of Pennsylvania. Regardless of that, though, what I'm saying is the problem you are describing your client is facing is resolvable, just not part of this FAA proceeding. It's resolvable, perhaps, by a Rule 22 separate interpleader action, correct? Yeah. A couple of responses to that would be, one, that is not what the other cases have done. We would suggest that Rule 22 does not require a pleading, right? It does not require a pleading, but it says it can be raised by a counterclaim or a cross-claim. It can be raised by a counterclaim or a cross-claim. How do you raise a counterclaim or a cross-claim? You can raise a counterclaim and cross-claim in response to the motion to confirm the arbitration award. We're in motion practices. Can you cite any cases where that's been permitted in motion cases? Yeah. I mean, I would cite the Toronto decision. I would cite the numerous decisions that have allowed the interpleader to go forward in response to a motion to, you know, to confirm an arbitration award. And I would note that there are simply no decisions kind of going the other way. There are no decisions where someone's come to confirm an arbitration award and it's denied interpleader. CPR has fought jurisdiction in pretty much every case up until this point. You know, the interesting part about this, you know, your client is the one who structured this partnership agreement that contained within it an arbitration clause. And that's what Sebastian Holdings and CPR and whoever else is involved in this, that arbitration clause follows from the agreement that your client drafted, right? I'm sorry. Did you answer your question? Yes. Yes. Okay. In that particular arbitration clause, you could have put a provision that you would be entitled to interplead any third parties to whom, who may have a claim similar to any limited partner. I would just respectfully suggest that since the weight of all authority has allowed interpleader in connection with motions to confirm arbitration awards, there would seem to be no reason for us to do that. Because you could have done it. I mean, in theory, you can put anything. You want an arbitration award, but it would be given that the entire weight of authority has allowed it and there are no cases that suggest you've not been able to do it, there would not be any reason to do it. Okay. I'd like to ask a question. Very briefly. Devon Park chose not to go to the arbitration hearing, correct? We chose withdrawal from the arbitration hearing after. After you lost an application to stay. That is correct, yes. And tell me how it is that that is not a waiver of your right to challenge the award before court. Yeah. We would suggest that we have the right to challenge the decisions that were made prior to the withdrawal, the request for a stay and the request to have Deutsche Bank intervene. How do you reconcile that with the FAA saying that you can seek to vacate an award if you don't get an adjournment or a postponement? How do you reconcile the fact that you say you can not go to the arbitration and still try to vacate the award without participating? Yeah. We just adopt the analysis I think that the district court found that where, in fact, you've raised the issue and you've raised the motion beforehand and argued and briefed your case, that that was sufficient to preserve the arguments that the denial of the motion to stay was sufficient. So that allows a party, from your logic, that allows a party who doesn't like the pre-arbitration hearings, we use pre-trial for lack of a better word, doesn't like their pre-trial rulings, can decline to go to the so-called arbitration or trial and then still be able to appeal. That's the logic tree you'd like us to follow? We should be able to appeal the earlier decision that was denied, yes. Okay. When the district court said that the interpleader would expand the limited scope of review allowed by Sections 9 and 11 of the FAA, respond to that. Why is he not correct there that that is indeed the FAA says that the court must grant the order unless some, some, some, some, some. Why is this not an expansion of what's compelled by the FAA? Again, my response simply would be there are two entirely separate decisions. Once the arbitration award is confirmed, you have a confirmed arbitration award. That's now been done. Nothing with the interpleader has been done to interfere with the confirmation of the arbitration award. Now that the award has been confirmed, it's just no longer the case you have an insurance company that has, you know, there are multiple judgments against it. Now that it's awarded, now the separate question is, is that award subject to interpleader against other claims? But you're reading it so narrowly because the interpleader that was drafted in this case took on, added Deutsche Bank to it, brought all these other parties in it. And apropos to what Judge Nygard is asking you about, how does that not expand it? Forget, forget the fact that interpleader can be used in the way you've just described for the limited purposes of determining who has rights to the property. But in this instance, as Judge Nygard was alluding to, doesn't this case expand it? So if you could answer Judge Nygard's question. Sure. The arbitration was between Devon Park and CPR. The interpleader would not involve Devon Park at all. We would put it in. They're an entirely separate dispute. All the different people who are making claims to this particular judgment, it's separate and apart from the arbitration. These other parties were not able to go into the arbitration. They had no opportunity to litigate those disputes. Devon Park should not be subject to multiple liability because other people who are making claims were not permitted to attend the arbitration. That was under the arbitration that was between us and CPR. Now that that's been done and that's confirmed, okay, now other people are also making the same claim. That could never have been done in the arbitration. The arbitrator said it couldn't have been done. They were not subject to the arbitration clause. Interpleader then says when other people are making claims, then you have the right to interplead those parties so that we're not subject to having to pay the same judgment twice. Thanks, Associate Roboto. Good morning, Your Honors. May it please the Court, Robert Columbus on behalf of Deutsche Bank. Your Honors, for more than a decade, Alexander Wieck has been playing a shell game with his assets to avoid collection on a $300 million judgment. What made this case unique is that it involved assets that were both within the court's jurisdiction and believed to be controlled by Mr. Wieck. And the district court erred by not allowing Deutsche Bank to show its entitlement to those proceeds, and that compounded an error by the arbitrator in not allowing Deutsche Bank to participate in the arbitration proceeding or at the very least to delay the arbitration award and the arbitration hearing until the Delaware action had proceeded. Mr. Columbus, CPR says your appeal was untimely. It's relying... No response. Judge Fischer, CPR is relying entirely on case law from the motion to intervene context. This is different in the sense that we were brought in through interpleader and our claims were terminated along with the interpleader. What CPR would have is for Deutsche Bank to have separately appealed the termination of its response to the interpleader, even though Devin Park itself couldn't have appealed the denial of its interpleader, that we would have separated the two claims. And because Deutsche Bank was only involved in this appeal, or in this case, and derivatively of the interpleader, that is distinguishable from the intervention context. All right. I mean, the next point, or perhaps the more important point that they raise, is that you don't have any standing to bring this appeal. You know, they tried to... Devin Park tried to interplead you into the action to confirm your arbitration award. The court said no. You filed a claim. I understand that. But they're arguing that you don't have standing. Why do you have standing? We certainly have standing to appeal the denial of our claim as part of the interpleader proceedings. We have stand that we were agreed by that. We think the interpleader should have been permitted for the same reasons Mr. Crawford has just discussed. What's your standing, though, to challenge the arbitration award? The statute, you're not a party to the arbitration. So by the plain language of the statute, you seem to lack statutory standing. Well, first of all, Your Honor, we did... proceedings and was denied the ability to do that. There was also an attempt to delay those proceedings while the Delaware action that Deutsche Bank is bringing and litigating against CPR and against Devin Park was proceeding. And so the denial of both of those efforts by Deutsche Bank aggrieved Deutsche Bank because as the Delaware... I thought that was Devin Park that was for the stay. I think that it was part of our attempt to intervene. But you may be right. The motion to seek a stay was filed by Devin Park. It still is something that aggrieved Deutsche Bank. When you're talking about aggrievement, you're talking about Article 3 standing. At least I'm asking you about statutory standing. The plain language of 9 U.S.C. 10A speaks of any parties to the arbitration. We weren't a party to the arbitration agreement. I didn't see anything in the briefing arguing that there was some sort of third-party doctrine that would let you get the benefits of the agreement. So I question as to how you could have any standing to challenge... statutory standing to challenge the arbitration award. I understand, Your Honor. I think we at least have standing to challenge the denial of our intervention motion in the arbitration. But I would also say, Your Honor, that even to the... Is that argument in your brief? Yes, Your Honor. Is that you were challenging the denial of intervention in the arbitration? Yes, Your Honor. And the mechanism by which we're arguing that is under FAA Section 10A3. And the argument is essentially that Devin Park is a neutral here. Devin Park did not care. What gives you the authority to make that? What gives you the statutory standing to even raise that issue in front of us under Title IX? Well, Your Honor, I can't point you to a case on that, but our argument is that because we were denied intervention, we have the right to raise that. And the effect of that was to deny Deutsche Bank an opportunity to be heard and to deny the arbitrator key evidence. But let's talk about that. Okay. The record shows the arbitrator allowed discovery. The party who was in that action chose not to pursue it and did not attend the hearing. That's right, Your Honor. You can't blame the arbitrator for that, correct? No, I disagree with that, Your Honor, because this goes to the point. The point is that Devin Park had no interest in litigating that issue, as it made very clear when it withdrew from the arbitration. So your client has fulfilled its interest by going to these various other courts to seek relief, correct? It's attempting to do that. The problem is that CPR is blocking every effort jurisdictionally. What should have happened here was either the arbitrator would have allowed Deutsche Bank to participate in the proceedings and introduce the evidence that was purportedly allowed, but that Devin Park was never actually going to spend the time and money to produce, or the arbitrator should have stayed there, just delayed. He said the problem here is there's no charging order that Deutsche Bank has obtained. Deutsche Bank has been trying for three years to obtain that charging order, and it's been fighting tooth and nail with CPR, who's claiming there's no jurisdiction. So there was no reason basis to move ahead through the hearing with a party who had no interest in the actual dispute, and while what was happening in Delaware was exactly what the arbitrator said should be happening. He just plowed right ahead, issued an award that put Devin Park in an impossible situation, required an interpleader in the proceedings, which has been allowed by other courts, and has prejudiced Deutsche Bank by likely resulting in its inability to collect on the only assets that are subject to any court's jurisdiction at this moment. Do you agree? I have one question, and I'll see if my colleagues do. Couldn't Devin Park file a separate interpleader action tomorrow if it wanted to, and you all could fight about it there? That's possible, Your Honor. There would unquestionably be issues of jurisdiction if that were to happen. That's why this case is unique. CPR resigned itself to the jurisdiction of the Eastern District of Pennsylvania in this particular case over these particular assets, and an interpleader was permissible under that unique circumstance to, as Mr. Crawford said, the confirmation proceedings can happen quickly in a streamlined manner according to the FBA. But all I asked you was whether or not a SQL 22 action could be filed in a place like the Eastern District of Pennsylvania. I think it could, but there is a – But you may face jurisdictional challenges as you face everywhere else. That's correct. I understand. Thank you, Your Honor. Okay. Wait. Let's see if – am I – anybody else? Yep. Judge Fischer? Judge Nygaard? Okay. Thank you, Counselor. Thank you very much, Your Honor. Thank you very much. May it please the Court. Michael Gehring on behalf of Appley CPR Management S.A. Your Honor, the first thing I want to say is that Mr. Poulombis just admitted something that's very – of great significance. He said very clearly, we sought to intervene. We sought to intervene in the confirmation proceeding. He admitted that. The denial of a motion to intervene has to be appealed within 30 days. They didn't do that. Because this was an interclear. There was no rule 24 action as far as I could tell from the Supreme Court. Your Honor, there was no formal rule 24 motion filed. However, the case law that we cited in our brief makes it clear that the functional equivalent of a motion to intervene, where that is denied, the party has to appeal within 30 days. Essentially, if you are trying to make your way into a proceeding and that right is denied, that's the functional equivalent of a motion to intervene being denied, and you have to appeal within 30 days. Devin Park's right to seek an interpleader and file an interpleader is actually different than Deutsche Bank's right to try to assert all these – They never filed a motion to intervene. No, they did not, Your Honor. They filed a claim in the arbitration – they filed a claim in the case once Devin Park sought to interplead them. Yes, Your Honor. Okay, that's different. I would submit. Well, Your Honor, it's different in that they didn't file a formal motion. Essentially, they bypassed that step. Right. Isn't what actually happened is Devin Park filed an interpleader in response to – an interpleader pleading document in response to the motion to confirm, and there was a third-party defendant named, correct? And the third party was Devin – was Deutsche Bank, right? There was several third-party defendants. So I guess our point is, I think Judge Fischer and I are looking at, there was a pleading filed, but never a Rule 24 motion filed, correct? That's correct, Your Honor. But having been essentially said they can't participate in the proceedings, the case law that we cited that talks about the functional equivalent of a motion to intervene being denied, we believe that that applies. If you seek – if you're not a party – Yeah, but still, the basic motion that the district court denied here was the attempt to interplead Deutsche Bank. And I think the first question that you're trying to raise is that they should have filed an appeal within 30 days of that order by the district court denying interpleader. That's what you're trying to say, correct? Well, Your Honor, what the district court did was two things. It denied Devin Park's interpleader claims, but it also dismissed Deutsche Bank's claims in interpleader. In interpleader. Yes. Yes, okay. But the real question here, the real appealable question is whether or not the motion for interpleader was improperly denied by the district court. Yes, Your Honor. And it was improperly denied for two reasons. Number one. So you agree that Devin Park could not have appealed that until the district court's final order confirming the arbitration award? Yes, Your Honor, we don't dispute that. Okay. But you're trying to say that Deutsche Bank should have appealed it. Yes. Before. What sense does that make? Well, the sense is that they have different – they're making different arguments and seeking different things. No, they're not. Both of them are saying they should have been involved in the action. Well, Devin – Deutsche Bank is seeking to interpose very expansive claims that go well beyond the scope of the arbitration. They're essentially duplicative of the same claims they brought in Delaware and in New York, with one slight difference that Devin Park was in a party to that. But these are not simple claims in response to the arbitration. They're not simple claims of just who's entitled to the proceeds. They're trying to undo agreements that were made three or four years ago. The question we have before us is whether the district court was right in denying Interpolator. That's a pretty simple question. Yes, and, Your Honor, we believe the district court was correct on two bases. I just don't understand how – I mean, you're advocating for piecemeal appeals, and as the district court would have been continuing the action to confirm the arbitration award, we would have had an appeal here on a case that was still in a district court. That's correct, Your Honor. That appeal could have been stayed until the end of the other proceedings if the court chose to do that or if they sought that. People thought that was more efficient. But the fact remains that they were denied the right to become a party to the claim, and the case law is pretty clear that when that happens, that party that denied entry into the proceedings has to appeal within 30 days. But almost more fundamentally, Your Honor, like Your Honor said, they don't have standing either. Are you arguing Article III standing or prudential standing? I'm arguing both, Your Honor. Number one, because Article III is standing because they didn't appeal in time, but also there are cases that allow non-parties to assert standing, but there's a three-factor test that they don't meet. Which one do you say they don't meet? We would concede, Your Honor, that they do have a stake in the proceedings. That is one of the factors. Okay. But the other factor is, did they participate in the proceedings? And they participated only to the extent of trying to get their interpleader claims before the court. But on the merits of the confirmation, they didn't participate at all despite still being in the case. The briefing on the confirmation issues was concluded in, I believe it was September of 2018. They were not dismissed from the case until January of 2019. They were there. They could have raised these issues before the court. They didn't do so. They sat on the sidelines and didn't argue anything. Now they come before this court and make these expansive arguments whether the confirmation award should be vacated or not, based on arguments that they never raised before the district court and never even attempted to raise. Just see that your argument on this is somewhat contradictory to your argument on timeliness. You're saying on one hand they ran and they should have appealed, but on the other hand you're saying they didn't participate. Your Honor, we would say they would never have the right to appeal the issues regarding the confirmation proceedings. They were not a party to the arbitration. They were not a party to the – once they were dismissed, they were no longer a party. What about the equities? What about consideration of the equities? Well, the equities, Your Honor, number one, they had the ability to appeal as a dismissed party. They chose not to do that. But perhaps more fundamentally, on the equities, they're raising issues again, Your Honor, that they had the chance to raise before the court, before Judge Roof, and they didn't do that. And they shouldn't – the equities should not allow them to come before this court for the first time and make me-too arguments along with Devin Park that they never raised while they had the chance to raise them. They were in the case, Your Honor. Briefing was going on. The only parties that submitted briefs on the confirmation issues were Devin Park and CPR. So that's a waiver argument, right? That's a waiver argument as well. But Judge Fischer was asking about standing, and you were talking about three factors, and you said they did have a stake in the proceeding and they didn't participate. Yes, Your Honor. So stick with the question on standing, if you could, and put aside this waiver point. Unless you're saying the waiver point somehow informs their opportunity to participate in the proceeding. That's what I'm arguing, Your Honor. The equities, you obviously look at all the factors. One of the factors is they were in the case, had the ability to weigh, and they didn't do so. But that also says that because they didn't make these arguments, they've also waived them because they didn't raise them for the first time in the district court. The two definitely overlap, and we're making that argument. Mr. Goehring, whether Deutsche Bank should be part of this appeal or not, Devin Park's here, you're here. Yes. The question on the interpleader I think is the most interesting question from a legal standpoint, as I see this case. You know, I understand that it talks about pleadings. It talks about cross-claims and counter-claims, and cross-claims and counter-claims are generally raised in pleadings. But it just seems the argument doesn't fit that you can't interplead in an arbitration. And what's your best argument on that? Your Honor, number one, the Rule 22 argument that Judge Roof relied upon as one of her bases is absolutely correct. The arbitration confirmation proceedings are specifically designed to be summary expeditious proceedings that don't involve huge, expansive claims on the back end. The Booth v. Hume publishing case that we cited says that the whole reason that the FAA provides that arbitration confirmation proceedings are initiated by a motion or a petition is to further the Act's policy of expedited judicial action because they prevent a party who is lost in the arbitration process from filing a new suit in federal court and forcing re-litigation of the issues. So this is a very clear decision that the legislature made when deciding it's going to be by motion or petition. By making it this way, you can't expand it into the type of thing that they're searching for here, which is duplicate litigate, hugely expansive. When Congress said that, they never said that you can't raise counter-claims or cross-claims in motions. I mean, motion practice, we don't see that much motion practice in this court. There's a lot of motion practice that pops up from time to time. Well, we do see motion practice, but it's a different kind of motion practice. Motions in trial courts, as I recollect them, raise all sorts of things, including counter-claims. It's like they may couch it as a counter-motion, a motion with a counter-claim. But that's at least my recollection a few years ago, but it's my recollection. Well, Your Honor, I can't speak to that. I've never seen anybody try to raise a counter-claim in a motion. In a motion? But if they do, it would have to be confined to within what that motion. Exactly. And this goes well beyond that. These are not claims that go to defenses under the Federal Arbitration Act. These are claims that go to parties and issues that have nothing to do with the arbitration. They attempt to bring in a party, and this is what they never want to mention here. An indispensable party to any of these proceedings is SHI. They're trying to undo various agreements that SHI made with CPR and then say the Devon Park interest belongs to SHI, so Deutsche Bank can't collect it. SHI is an indispensable party to any such proceeding. Could not be made a party in the arbitration. Could not be made a party in the district court. They could try doing that, but the Delaware court just ruled that there's no jurisdiction over them. So they are trying to shoehorn their lack of jurisdiction over SHI into saying, well, this is just an adjunct and or ancillary to a confirmation proceeding. We don't need to look at that issue. Well, you do need to look at that issue. They are attempting to go well beyond the scope of what a judge can look at in confirming an arbitration award to bring plenary litigation that will last years, be almost entirely duplicative of the two cases that are already going on, and consume this court's resources and prevent the, what they sought to do was prevent the arbitration award from being confirmed, which is the whole point and the whole structure of the statute is that these proceedings happen quickly, and they happen on a limited basis. It's a limited review of what the arbitrator does because there is such deference given to them, because the parties, it's really a matter of contract. The parties have agreed to settle their disputes through contractually, and so courts are loathe to get heavily involved when what the parties have agreed to do was have a third party decide those issues. So there are narrow bases upon which an arbitration award can be vacated or modified. What is your position on Deutsche Bank's assertion that they can appeal the arbitrator's denial of the request to intervene? How do you respond to that? Did you understand my question? Apologies if it wasn't clear. I would say they can't, Your Honor, because they were never a party to the arbitration proceeding, and they waived all issues by not raising these issues before the district court. I mean, they didn't argue that before the district court. The only thing they argued before the district court is like a three-page argument on equity. It's really unfair to not let us in. That's in the context of the interpleader, but they never raised that argument in the context of the confirmation proceedings, whether the arbitration award should be confirmed or vacated. They had the opportunity to do so. I'm speaking just on the arbitrator's pretrial order on denial of their request for intervention. Can they challenge that in the district court, or is it your position they didn't challenge it in the district court? And I'm talking about just that one ruling by the arbitrator. Your Honor, I would say they're both they can't and they did not. And why can't they? They can't, Dave, because they were never a party to the arbitration. So then a person who tries to intervene in an arbitration has no court avenue for relief? I would say no, Your Honor. Because it's apropos of what you were saying earlier, because it's a private agreement between two contracting parties and interlopers aren't welcome. Correct, Your Honor. And if they are going to challenge it, they have to challenge it. They have to come before the district court on the confirmation proceeding and take a position. They didn't do that. I see. Let me ask one other question, if I could. Both Devon Park and Deutsche Bank contend, and Mr. Crawford contended today, that no courts have held that Rule 22 interplea is prohibited in an arbitration confirmation proceeding. Are you aware of any court that has said that? Your Honor, no. The answer is no. But the cases that they have cited are all basically the same thing. The Tarrant case is the only one, I believe, where it was sort of done in the same proceeding. But they were all agreed. There was no dispute about this is the way everyone wanted to do it. There was an arbitration award. Some of them really have nothing to do with this at all. But there was an arbitration award, and the person who the award was against wants to bring in the other claimants to it. And everyone agrees it's okay. This has really not been contested before, where someone is trying to do it in such a way. It's not just an interplea. It's bringing all new expansive claims. The Orion line of cases that we have cited are very analogous to this. Those cases say, in an arbitration confirmation proceeding, it is completely inappropriate to raise new expansive issues regarding alter ego. And that's what we're talking about here. The claim is that CPR is the alter ego of SHI. Mr. Veek is the alter ego of everybody. That's exactly what they're trying to do here. The Orion line of cases that we've cited makes it very clear that that is an inappropriate thing to do on an arbitration confirmation proceeding because of how much it expands the scope of the proceedings and prevents expeditious summary consideration of a motion to confirm. Okay. Thank you for your arguments. Thank you, Your Honors. Thank you, Your Honors. To address the point about whether or not we could have simply filed a separate interpleader action, first, to respond again to the last point, we do believe, in addition to the Tron case, we should also look at the Holborn case, which was also within the same proceeding. While not technically interpleader there, the court did allow a motion to intervene in the motion to confirm the arbitration award and allow the parties that could submit the judgment as part of a Rule 67 proceeding. That was in the Southern District of New York. So, again, these are multiple cases in addition to both the District of D.C. and the District of New York. Let me interrupt you here. Yes. In our case, IFC versus Safeguard International, that was a timeline in this case, whether a 14-day timeline was triggered to file a response to pleading. And we said therein that it could not have been triggered because a pleading is prerequisite for that application. And there's no pleading in this case, only a petition to confirm an arbitration award. So there was no pleading in there. Then let's look at Rule 22 again on, I suppose, the defendant's side. And it contemplates also a pleading in that one may seek interpleader through a cross-claim or counterclaim. That sounds in terms of a claim, a defendant, and a plaintiff. And here what we have is a petition to confirm an award. Now, how do you reconcile that with your earlier response to my question that yours was separate and it was after the confirmation decision had been reached? It was a separate situation and it would not interfere with the confirmation. How do you reconcile those two things? Certainly, several responses. First, I'll also point out that within the IFC decision, they did allow a motion for writ of garnishment of the arbitration award to take place in connection with the motion to confirm. So it was not simply the case, which is quite not unlike the interpleader case we have here. So even in IFC itself, it was allowing other proceedings to take place in connection with the confirmation award, which I think is consistent with our position. They confirmed and then they also had an enforcement. All as part of the same proceeding, because they recognized that on the one hand, once you confirm the arbitration award, again. What does the interpleader have anything to do with this award that's now been confirmed? The point is, it doesn't necessarily have anything to do with the award that hasn't been confirmed. It's a separate legal remedy that's afforded to our client. The federal rules, one of the rationales for IFC was simply that the FAA had provisions for motions. And so we had to kind of follow the FAA rules, because Rule 81 provides that where they're in conflict, you follow the FAA rules. But there is no FAA rule that applies to interpleader. And so when interpleader is the case, because there's no FAA rule to overrule it, the federal rules, Rule 22, does apply in this case. So IFC would not overrule that, as it would in the case of motions practice, where you would have to apply the arbitration rules. So you confirm the arbitration award, and then now you're here, and you adopt the interpleader at the same case, because this is the one point in time where you can actually have jurisdiction over CPI. But I've never heard, I've only been on the court for a little over 30 years, but I've never heard of a situation where you would have a cross-claim or a counter-claim following the confirmation of an FAA award. That's something very new in this situation that you're arguing. In a situation where, and it makes sense, Your Honor, in the following sense. When you have multiple people who are coming up and making a claim against the same set of funds, and one of those parties has an arbitration clause, and one of those parties does not have an arbitration clause, you're forced to allow sometimes, to allow the party in arbitration to have their claim first, because you can't interplead it, because the other party is simply not subject to arbitration. You have to wait until they finish the arbitration and confirm the award. And then, and only then, are you even able to do the interpleader. The whole otherwise would be to say, well, if you have a party involved in arbitration, interpleader is simply not available to you. And we say that's not simply the case. There's a federal rule that's generally in favor, in deference to interpleader. We think that should be followed. And we think, you know, the rules, this has really become a form over substance. But it's really material here in a sense to say, we can go and file your own separate claim for interpleader independent of this. They'll move to dismiss for lack of jurisdiction, and we, it's not a real opportunity for us. I'd like to follow up on what Judge Nygaard was just asking you about, the unusualness of seeing a counterclaim or cross-claim in a petition. You're, one of the lawyers cited Booth v. Hume, and it says, quote, to assert counterclaims that are beyond the scope of defense's enumerated bracket, FAA, would change the nature of confirmation proceedings and defeat its purpose. So, I mean, that's exactly what Judge Nygaard was asking about, is how is this consistent? That case revolved to counterclaims to the arbitration itself. That would have been like we were asserting a counterclaim of Devin Park against CPR with what was done in the arbitration itself. But that's, that actually makes it worse for you, because right now, there are counterclaims that are being, or claims that are being asserted that are past the issue before the arbitrator. That's my point. Those claims, all the cases cited by CPR, relate to claims that could have been raised in the arbitration against the arbitration and against CPR, and the courts have simply held, we don't want to hear those in a motion to confirm the arbitration award. And we're not disputing those. We're saying, fine, the award has been confirmed. The dispute between Devin Park and CPR is over. You have won the award. However, now that that is done, we need to recognize that you are not the only person who are making a claim to these proceeds. Other persons are also making a claim to these proceeds. So we're not making counterclaims or arguments against you in your case, which are all of CPR's cases. We're saying there's now a dispute between Deutsche Bank and CPR that we have the right to interplead under Rule 22. And it doesn't matter to us how complicated that is because that doesn't involve Devin Park. But all of the allegations that were included in that interpleading document that was submitted include challenges to whether the arbitrator made the right decision, whether there's some other nefarious activity going on with Vic and the other entities. I mean, so this was going to, if this were permitted, the district court would be engulfed in everything that you folks have been fighting about in the state courts, right? No. And here's why that's not the case. Indeed, there was both a motion to vacate with the interpleader. So they were kind of combined, right, in terms of one. We put them all in one document. And then there was a third party. Well, the third party interpleader. The difference is the motion to vacate and all the issues with respect to the arbitration were between CPR and Devin Park. The interpleader is between CPR and Deutsche Bank. Devin Park will not take place in the interpleader. The way interpleader works is we submit the funds and we go home. That's an entirely different case, an entirely different dispute. And Rule 22 gives us the right to do that. And it seems to be the only concern here seems to be whether or not we are entitled to do it here in connection with the motion or whether or not we should have taken the extra step of filing a separate complaint and consolidating it. And quite frankly, Your Honor, I think putting that kind of form over substance is not only inconsistent with the case law that we've cited, it goes against the deference and forms of interpleader and Wenatchee justice in this case. All right. All right. Okay. Thank you very much. Thank you. We thank counsel for their briefs. We know you guys must spend an awful lot of time together, so I'm sure you're happy to see each other again in another forum. And this concludes this afternoon's proceedings. We'll take them out under advisement.